UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| KEVIN ARGO | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No.　1:10-cv-227 |
| | ) | *Chief District Judge Curtis L. Collier* |
| SHERIFF TIM GOBBLE; | ) | |
| CAPT. GABE THOMAS, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM

Kevin Argo ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 2). Plaintiff's complaint alleges Defendants have denied him access to a law library; a drop box for mail and mail delivery six days a week (they only deliver mail five days a week); and sufficient toilet paper. Finally, Plaintiff complains the lights are left on from 7:00 a.m until 9:00 p.m. (Court File No. 2).

For the reasons discussed below, the complaint will be **DISMISSED** *sua sponte* for failure to state a claim (Court File No. 2). Because the complaint will be dismissed, Walter Bowman's motion requesting to be reinstated as a plaintiff will be **DENIED** (Court File No. 10).

## I.     Application to Proceed *In Forma Pauperis*

 It appears from the application to proceed *in forma pauperis* submitted by Plaintiff Kevin Argo, he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00 (Court File No. 1). Plaintiff, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is an inmate in custody at Morgan County Correctional Complex, in Wartburg, Tennessee, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Plaintiff is ordered to pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915 (Court File No. 3).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is **ORDERED** to submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a)     twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b)     twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Records at Morgan County Correctional Complex, in Wartburg, Tennessee; the Commissioner of the Tennessee Department of Correction; and the Attorney General for the State of Tennessee, to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available.  This order **SHALL** become a part of Plaintiff's file and follow him if he is transferred to another institution.  The agency having custody of Plaintiff **SHALL** continue to collect monthly

payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is **ORDERED** to provide the prison officials at any new institution with a copy of this order.  Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II.    Standard of Review

### A.    *Pro Se* Pleadings

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers.  *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law.  *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*,  660 F.2d 592, 593 (5th Cir. 1981).  *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995).  Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions.  *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir.  1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). The Supreme Court has rejected the notion that a "wholly conclusory statement of claim" could survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007). Thus, at a minimum, a complaint must include the necessary facts and grounds upon which a particular claim rests. "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

**B.      Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

In addition, when considering a prisoner's civil complaint, the Court has the responsibility to screen the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**III.     Facts**

Plaintiff claims they do not have access to any legal books; a drop box for mail; or sufficient

toilet paper.  In addition, he complains that mail is only delivered to inmates five days a week and

that the lights are left on from 7:00 a.m. until 9:00 p.m. (Court File No. 2).

**IV.     Analysis**

>>>>>>> ***A.     42 U.S.C. § 1983***

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived

of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2)

the deprivation was caused by a person while acting under color of state law.  *Flagg Bros. Inc. v.*

*Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  To

maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the

defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S.

247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997);  *Zehner v. Trigg*, 952

F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997); *also see* 42 U.S.C. § 1997e(e)

("No federal civil action may be brought by a prisoner confined in a jail, prison, or other corrections

facility for mental or emotional injury suffered while in custody without a prior showing of physical

injury").

Additionally, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true,

would establish he incurred an injury when the defendants deprived him of a right secured by the

Constitution of the United States while they acted under color of law.  *See Brock*, 94 F.3d at 244;

42 U.S.C. § 1997e(e).

### B.     *Injunctive Relief*

Though difficult to decipher, it appears Plaintiff is requesting injunctive relief. Plaintiff, who is no longer incarcerated at Bradley County Justice Center, requests that a law library be placed in each pod; any inmate who was denied legal books be given three days credit for each day incarcerated; that a drop-box be placed in each pod; that toilet paper be given upon request; and that all fees and court costs be taxed against Bradley County.

To the extent Plaintiff requests injunctive relief such request is denied as moot since he is no longer incarcerated in the Bradley County Justice Center. *See Moore v. Curtis*, 68 Fed.Appx. 561 (6th Cir. June 13, 2003), *available at* 2003 WL 21397865 (prisoner's request for injunctive and declaratory relief is moot because he is no longer incarcerated); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 510 (6th Cir. 2001) (concluded request for injunctive and declaratory relief were moot because he was no longer incarcerated in the facility (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Nevertheless, even if Plaintiff had requested money damages his complaint would be dismissed for the following reasons.

### C.     *Identity of Defendants*

Plaintiff brings suit against Sheriff Tim Gobble ("Sheriff Gobble") and Capt Gabe Thomas ("Capt. Thomas"). The complaint does not indicate whether the named defendants are being sued in their official capacities, individual capacities, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th

Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Argoon v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); Wells, 891 F.2d at 593-94.

Although it is preferred that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not analogous to the complaint in *Moore*. In the instant

case, Plaintiff failed to identify in what capacity he is suing Defendants. However, in the heading

and the body of the complaint, Defendants are identified with their official titles (Court File No. 1).

Furthermore, Plaintiff does not seek any monetary relief. Thus, absent any clear indication in the

complaint that either defendant is being sued in his individual capacity, the Court must assume

Defendants are being sued in their official capacity. *Id*. at 772.

A claim against these defendants in their official capacity is treated as an action against the

governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953

F.2d 232, 237 (6th Cir. 1992). Because the defendants have been sued only in their official capacity

as employees of Bradley County, Tennessee, the Court must proceed as if Plaintiff has in fact sued

Bradley County. Therefore, in order to prevail, Plaintiff must demonstrate the alleged violation of

his constitutional rights resulted from acts representing official policy or custom adopted by Bradley

County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978);

*Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932

(1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must

show, first, he has suffered harm because of a constitutional violation and second, that a policy or

custom of the entity--in this case, Bradley County--caused the harm. *See Collins v. Harker Heights,*

*Tex.*, 503 U.S. 115, 120 (1992). Plaintiffs must identify the policy, connect the policy to the county

itself, and show the particular injury was incurred because of the execution of that policy, all of

which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.*, 8 F.3d 358, 363-64 (6th Cir.

1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted). Here, Plaintiff has not sustained his

burden; thus, Defendants are entitled to judgment as a matter of law.

Although the Court has concluded  the defendants in their official capacity are entitled to judgment as a matter of law, for the sake of thoroughness, the Court will explain why, even if Plaintiff intended to sue Defendants in their individual capacities, he has failed to allege constitutional violations.

### D.    Claims

Assuming Plaintiff is suing Defendants in their individual capacities, as explained *infra*, he has failed to set forth any facts which support a claim that his constitutional rights were violated.

#### 1.    Access to Legal Books

Plaintiff claims he has been denied access to a legal books.  Although prisoners have a constitutional right to access to the courts, *Lewis v. Casey*, 518 U.S. 343 (1996), an inmate who is claiming he was denied access to court must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351.  Plaintiff has not made a showing that he has been hindered in his effort to pursue a non-frivolous legal claim. *See Hadix v. Argoon*, 182 F. 3d 400, 404 (6th Cir. 1999) ("An inmate must demonstrate an 'actual injury,' which, the Court said, cannot be shown 'simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

Therefore, based on the record before the Court, Plaintiff's allegation he has been denied access to a law library does not give rise to a constitutional deprivation as he has not shown he was denied access to court by actually being "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. at 351.  Plaintiff has failed to demonstrated any prejudice to any litigation. *See*

*Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Accordingly, he has failed to demonstrate a constitutional violation.

### 2.     *Lack of Drop-Box for Mail/5-Day Mail Delivery*

The complaint presents two claims relating to mail. First, Plaintiff contends a drop box for the mail is needed because the inmates are required to place their mail under the door for pick-up at night. The problem, according to Plaintiff, is that the mail is not always picked up, thus requiring the inmates to deliver it to the office the next day. Second, Plaintiff complains that mail is delivered only five-days a week.

Although prisoners enjoy a First Amendment right to send and receive mail, *see Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989), a prison may adopt regulations or impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Here, Plaintiff has not alleged his First Amendment right to send and receive mail was violated, but rather he complains about the method the Bradley County Jail uses in collecting the mail and the number of days on which they deliver mail.

In sum, Plaintiff has not alleged he suffered a specific injury as a result of the procedure regarding mail delivery, thus he has failed to raise a constitutional violation as it relates to the mail delivery service. Accordingly, no relief is warranted on these claims and they will be **DISMISSED**.

### 3.     *Insufficient Toilet Paper*

Plaintiff claims "[w]e have a hard time getting toilet paper." (Court File No. 2). Although difficult to decipher, the Court discerns that Plaintiff further claims one roll of toilet paper is given for every three people in a cell and if they run out of toilet paper they either "hold it" or use paper

towels.

Plaintiff does not complain he personally was denied toilet paper or he suffered any constitutional violation. Thus, since a one-time deprivation of toilet paper has been determined to be a *de minimis* deprivation which does not rise to the level of a civil rights violation, the lack of any specific allegation of a deprivation is insufficient to rise to the level of an "unquestioned and serious deprivation of basic human needs" that is necessary to establish an Eighth Amendment violation. *Zavala v. Barnik*, 545 F.Supp.2d 1051, 1059 (C.D.Cal. April 8, 2008) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *also see Dunbar v. Aiken County Detention Center*, 2009 WL 3417585, at *3 ( D.S.C. Oct. 23, 2009) (one time deprivation of toilet paper not a constitutional violation) (citing *Gilland v. Owens*, 718 F.Supp. 665, 685 (D.G.1989) ("Short term deprivations of toilet paper ... and the like do not rise to the level of a constitutional violation"); *Schwartz v. Jones*, No. 99-3269, 2001 WL 118600 at * 6 (E.D.La. Feb.9, 2001) (Failure to provide Plaintiff with toilet paper for one to two weeks did not state a claim of constitutional magnitude); *Gilson v. Cox*, 711 F.Supp. 354, 355-356 (E.D.M.1989) (Failure to provide toilet paper upon request did not raise a substantial matter of federal constitutional law); *Citro v. Zeek*, 544 F.Supp. 829, 830 (W.D.N.Y.1982) (Failure to provide an inmate with an adequate supply of toilet paper did not present a question of constitutional magnitude); *Williams v. Campbell*, No. 07-885, 2008 WL 2816089 at * 7 (E.D.Pa. July 18, 2008)(Temporary deprivation of toilet paper insufficient to establish a constitutional violation); *Cardenas v. Base*, No. 04-5080, 2006 WL 151937 at * 1-3 (E.D.Wa. Jan.18, 2006)(Inmate forced to wait six hours before receiving a roll of toilet paper failed to state a constitutional claim)).

In addition, there is no evidence before the Court that Plaintiff suffered any remedial injury

as a result of "hav[ing] a hard time getting toilet paper." *See Thaddeus-X v. Wozniak*, No.99-1720, 2000 WL 712383 at 3 (6th Cir. May 23, 2000)(Plaintiff must show he suffered more than *de minimis* injury); *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (Without proof of more than *de minimis* physical injury, Plaintiff cannot maintain his claim). Accordingly, because Plaintiff has not present a claim of constitutional magnitude, his claim regarding toilet tissue will be **DISMISSED**.

### 4. *Lights on from 7:00 a.m. until 9:00 p.m.*

Finally, Plaintiff complains that "[t]hey leave the lights on from 7 am until 9 pm" (Court File No. 2). Pursuant to the Eighth Amendment, prisoner officials are required to provide prisoner with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Consequently, this claim simply does not rise to the level of a constitutional violation. Plaintiff has not identified any basic human need which he was denied for an unreasonable period of time. As such, Plaintiff's claim regarding the hours the lights are on shall be **DISMISSED** for failure to state a constitutional claim.

## V. Conclusion

For all the foregoing reasons, Plaintiff's § 1983 complaint shall *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, 28 U.S.C. §§ 1915A and 1915(e).

An appropriate judgment order will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**